IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL PENA #B-69193, et al., )
)
        Plaintiffs, )
)
v. ) No. 08 C 7389
)
MEDICAL DOCTOR, COOK COUNTY )
INFIRMARY (JAIL), et al., )
)
        Defendants. )

MEMORANDUM ORDER

    Daniel Pena ("Pena") has submitted a 42 U.S.C. §1983 ("Section 1983") Complaint against a large number of defendants associated with the Cook County Department of Corrections ("County Jail"), using the form of Complaint supplied by this District Court's Clerk's Office for use by persons in custody. Pena has accompanied the Complaint with an Application To Proceed In Forma Pauperis ("Application") and a Motion for Appointment of Counsel ("Motion"), also using Clerk-supplied forms. This memorandum order is issued sua sponte to identify several non-merits-related defects that Pena must first correct.

    First, Pena has listed three other individuals as plaintiffs in the Complaint's caption. That poses two problems. For one thing, no nonlawyer such as Pena is authorized to represent anyone other than himself or herself. And for another thing, the Complaint's allegations adequately set out Pena's Section 1983 claims, but not those of the other three individuals. Accordingly those three persons are stricken as prospective

plaintiffs.

Second, Pena has failed to comply with the requirements imposed by 28 U.S.C. §1915 ("Section 1915") for any prisoner who seeks in forma pauperis status. What is missing is the necessary information as to the transactions in Pena's trust fund account from approximately June 1, 2008 to the present time. Pena's filing reflects that he is now at Dixon Correctional Center ("Dixon"), and if he has been there for that entire time period Dixon's statement of all transactions in his account will be enough--but if he has been at more than one institution during the time period, each institution must provide the required statement. That information is necessary to enable this Court to make the calculation as to Pena's required initial payment toward the filing fee under Section 1915(b)(1)(note that Section 1915 requires Pena to pay the entire $350 filing fee, but in installments).

Third, this Court cannot act on the Motion at this time either. Although the form used by Pena has a conspicuous blank space in its paragraph 2, Pena has not filled in that space by providing any information about efforts on his part to retain a lawyer on his own. That information is part of the necessary input to permit this Court to determine whether or not counsel will be appointed to represent Pena pro bono publico.

As stated earlier, no ruling is made or implied here as to

the sufficiency of Pena's Section 1983 claims. It is clear from what he has alleged that Correctional Officers Williams and Davis at the County Jail are properly charged with violations of Pena's constitutional rights on the basis of his allegations, but whether or not that is so as to any of the other named defendants would remain to be seen after Pena has cured the existing defects so that the case may proceed.

In summary, Pena is ordered to provide the trust fund information and to complete and return a new set of Motions for Appointment of Counsel (additional copies of which are being sent to him together with this order) on or before January 26, 2009. If Pena complies, this Court will proceed to deal with the submitted material, but if he does not this Court would be constrained to dismiss both the Complaint and this action by reason of that noncompliance.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 5, 2009