IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL PENA #B-69193,            )
                                 )
                Plaintiff,       )
                                 )
    v.                           )    No.  08 C 7389
                                 )
MEDICAL DOCTOR, COOK COUNTY      )
INFIRMARY (JAIL), et al.,        )
                                 )
                Defendants.      )

MEMORANDUM ORDER

On January 26, 2009 the Clerk's Office received a timely response from pro se plaintiff Daniel Pena ("Pena") in compliance with this Court's January 5 memorandum order that had identified some deficiencies in Pena's earlier submissions in connection with his 42 U.S.C. §1983 ("Section 1983") Complaint. This memorandum order will allow Pena's lawsuit to go forward, subject to several matters addressed here.

First, Pena has confirmed that the other prisoners whom he had listed as plaintiffs in the caption of his Complaint were not in fact intended plaintiffs, but rather possible witnesses in connection with his lawsuit. Accordingly the case caption is corrected to reflect that Pena alone is the plaintiff in this action.

Next, Pena's submission of an Application To Proceed Without Prepayment of Fees ("Application"), coupled with the printout of transactions in his trust fund account required by 28 U.S.C.

§1915(a)(2),[1] has enabled this Court to make the calculation called for by Section 1915(b)(1). Because the average monthly deposits to Pena's account during the relevant six-month period amounted to $59.04, the required initial partial filing fee payment toward the $350 filing fee comes to $11.80.

Accordingly the Application is granted. Pena is assessed the initial fee of $11.80, and the trust fund officer at Dixon Correctional Center ("Dixon," where Pena is now incarcerated) is ordered to collect that amount from Pena's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment, the trust fund officer at Dixon (or at any other correctional facility where Pena may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Pena's name and the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

08 C 7389 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Dixon trust fund officer.

As for Pena's Motion for Appointment of Counsel ("Motion"), he has now provided an adequate explanation as to his inability to retain a lawyer on his own. Accordingly the Motion is granted, and this Court appoints this member of the trial bar to represent Pena:

> Anthony J. Morrone, Esq.
> Cozen O'Connor
> 222 South Riverside Plaza
> Suite 1500
> Chicago IL 60606

Counsel shall make arrangements for the service of process on defendants (see Section 1915(d)), and the case is set for an initial status hearing at 9 a.m. April 8, 2009.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: February 4, 2009

---

[2] This Court has conducted the initial screening called for by Section 1915A(a) and, accepting Pena's allegations as true for this purpose, finds that at least some of the claims of constitutional deprivation survive such initial scrutiny. This does not, of course, express a view as to all defendants whom Pena has targeted, nor does it preclude any possible defense asserting the nonexhaustion of available remedies (in that respect, see 42 U.S.C. §1997e(a)).