IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL PENA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. : 08 CV 7389 |
| CORRECTIONAL OFFICER TRENT | ) |
| WILLIAMS, CORRECTIONAL OFFICER | ) |
| HOWARD DAVIS AND | ) |
| CORRECTIONAL OFFICER | ) |
| MILLER, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

**FIRST AMENDED COMPLAINT OF DANIEL PENA**

NOW COMES the plaintiff, Daniel Pena, by and through his attorneys, Cozen O'Connor, and for his First Amended Complaint avers the following upon information and belief:

**THE PARTIES**

1.  Plaintiff, Daniel Pena, is a resident of the State of Illinois and at all times material hereto resided in Chicago, Illinois.

2.  Defendant, Trent Williams, star number 8951, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

3.  Defendant, Howard Davis, star number 7762, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

4.      Defendant, Correctional Officer Miller, star number 8695, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action.  He is being sued in his individual capacity as a correctional officer.

5.      At all times relevant hereto, all defendants were acting individually and in concert and conspiracy in their actions to deprive Daniel Pena of his constitutional and statutory rights.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. § 1331 and 1343(1), (3), (4) and the aforementioned statutory provision.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

7.      Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391(c) as the events giving rise to the claims at issue occurred within the district.

## FACTUAL ALLEGATIONS

8.      On or about September 22, 2007, plaintiff was being held in cell 1026 of Division 9 of the Cook County Jail after previously being arrested for other unrelated matters.

9.      While being held at the Cook County Jail, plaintiff was entitled to a certain amount of time out of his cell.  In order to be let out of his cell, a certain protocol was in place, which called for the handcuffing of plaintiff.

10.     Once cuffed, plaintiff was allowed to leave his cell.  As he was exiting his cell and while still handcuffed, Correctional Officer Williams pulled plaintiff's jumpsuit over his head and began to physically attack him.

11.   Subsequently, Correctional Officer Williams forcefully and violently threw plaintiff to the floor, and Correctional Officers Davis and Miller joined and proceeded to kick plaintiff in the head and face repeatedly, while plaintiff was still handcuffed at the wrists.

12.   As a result of the actions of Correctional Officers Williams, Davis and Miller, plaintiff suffered severe face and head injuries including, but not limited to, having two of his teeth dislodged and was in need of serious medial care.

13.   Thereafter, plaintiff was transported to the prison infirmary, where he was denied medical attention and treatment by the prison infirmary medical staff, or the opportunity to see a dentist, thereby causing plaintiff to undergo extreme pain and suffering and further exacerbation of his injuries.

14.   At the time of the aforementioned actions of Correctional Officers Williams, Davis and Miller, plaintiff, Daniel Pena, did nothing to provoke the officers and had not committed any offenses against the laws of the City of Chicago, the State of Illinois or the United States of America, and did not engage in any conduct which justified the actions of the defendants.

15.   All the defendant officers acted willfully, deliberately, maliciously and/or with reckless disregard for Mr. Pena's constitutional and statutory rights.

16.   As a direct and proximate result of the actions of all defendants, Daniel Pena suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent.

17.   Defendant officers engaged in the aforesaid conduct for the purpose of violating Daniel Pena's constitution rights by subjecting him to cruel and unusual punishment in the form of verbal assaults and unreasonable force through physical violence.

## **COUNT I**

### **Federal Civil Rights Violations of Eighth Amendment against all Defendants**

18.	Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

19.	 As a direct and proximate result of the defendants, Correctional Officers Williams, Davis and Miller's, conduct, committed under color of state law, Daniel Pena was deprived of his right to be free from cruel and unusual punishment and from unreasonable and excessive force and to be secure in his person and property and to due process of law.  As a result, Daniel Pena suffered and continues to suffer harm in violation of his rights under the laws and constitution of the United States, in particularly, the Eighth and Fourteenth amendments thereof, and 42 U.S.C. § 1983.

20.	As a direct and proximate result of the acts of all defendants, Daniel Pena sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

WHEREFORE, plaintiff requests the following relief:

(a)	Compensatory damages;

(b)	Punitive damages;

(c)	Reasonable attorneys' fees and costs;

(d)	Such other and further relief as appears reasonable and just; and

(e)	A jury trial as to each defendant and as to each count.

## **COUNT II**

### **Supplemental State Claims of Assault and Battery against all Defendants**

21.	Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

22. The acts and conduct of the individual defendants in this cause of action, specifically the touching of Daniel Pena's person without his consent, is in the form of assault and battery, and this Court has supplemental jurisdiction here to adjudicate these claims.

23. As a direct and proximate result of the acts of all defendants, Daniel Pena sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

WHEREFORE, plaintiff requests the following relief:

(a) Compensatory damages;

(b) Punitive damages;

(c) Reasonable attorneys' fees and costs;

(d) Such other and further relief as appears reasonable and just; and

(e) A jury trial as to each defendant and as to each count.

BY: _____/s/ Anthony J. Morrone_____
ANTHONY J. MORRONE, ESQ.
Attorney for Plaintiff, Daniel Pena

Anthony J. Morrone
COZEN O'CONNOR
222 South Riverside Plaza
Suite 1500
Chicago, Illinois  60606
(312) 382-3100

CHICAGO\708996\1  099014.000

## **CERTIFICATE OF SERVICE**

To: Officer Trent Williams
Cook County Department of Corrections
2700 South California Ave
Chicago, Illinois 60608

Officer Howard Davis
Cook County Department of Corrections
2700 South California Ave
Chicago, Illinois 60608

Officer Miller
Cook County Department of Corrections
2700 South California Ave
Chicago, Illinois 60608

The undersigned certifies that a copy of the **First Amended Complaint of Daniel Pena**, was filed on June 4, 2009 with the United States District Court for the Northern District of Illinois via the courts electronic filing system (ECF) and a copy will be placed for service with a Special Process Server to the above defendants on June 5, 2009 .

/s/ Anthony J. Morrone_____
One of Plaintiffs Counsel