IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

DANIEL PENA #B-69193, et al.,      )
                                   )
                 Plaintiffs,       )
                                   )
    v.                             )    No.  08 C 7389
                                   )
CORRECTIONAL OFFICER TRENT         )
WILLIAMS, et al.,                  )
                                   )
                 Defendants.       )

                MEMORANDUM OPINION AND ORDER

    Correctional Officers Trent Williams, Howard Davis and John Miller, all assigned to the Cook County Department of Corrections ("County Jail") during the time at issue in this lawsuit, have filed their collective Answer to the First Amended Complaint ("FAC") brought against them by Daniel Pena ("Pena"). This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading, including the Affirmative Defenses ("ADs") that follow the Answer itself.

    As for Answer ¶¶2, 3 and 4, defense counsel has engaged in some obviously incorrect, and some other questionable, uses of the Fed. R. Civ. P. ("Rule") 8(b)(1)(B) alternative of denying Pena's allegations. For example, there is of course no warrant for denying Pena's allegation that each of those defendants "is being sued in his individual capacity as a correctional officer"--that, after all, is Pena's choice and is not one to be quarreled with by defendants. Moreover, this Court sees no warrant whatever for the officers' denials there that each of

them "was acting under color of state law at all times material to this action." Even though they may deny the conduct that Pena ascribes to them, the quoted condition (essential to a 42 U.S.C. §1983[1] lawsuit) was unquestionably present here. Accordingly all three of those paragraphs are stricken, but with leave granted to file a proper amended Answer to those paragraphs (not a full-blown and self-contained total Answer) on or before July 29, 2009.

While defendants' counsel is at it, he should scrutinize the rest of the Answer carefully to see whether any other paragraphs reflect an overuse of the concept of a denial. It is of course nonproblematic for the officers to deny Pena's allegations as to the alleged altercation and as to the officers' alleged use of excessive force, but it is somewhat difficult to understand, for example, why FAC ¶9 should be met with a denial.

To turn to the ADs, they are problematic in a number of respects. Here are those spotted by this Court:

    1. AD 1 violates the fundamental predicate that identifies an AD: acknowledgment of the truth of a plaintiff's allegations for AD purposes (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)). This case is plainly not a candidate for

---

[1] Answer ¶6 expressly admits Pena's allegation that "This action is brought pursuant to 42 U.S.C. §1983."

a qualified immunity defense, for an evidentiary hearing (most likely a trial) will be necessary to ferret out the truth as between the parties' conflicting versions.

    2. ADs 2 and 6 have no place in those defendants' responsive pleading. Defendant officers have no standing to advance defenses on behalf of the Cook County Sheriff and Cook County.

    3. AD 3 invokes statutory immunity as to Pena's state law claims, citing a statute that is plainly inapplicable when Pena's allegations are credited (as they must be for AD purposes).

    4. AD 4 is also dead wrong, because each of the officer defendants is charged for his own asserted acts, not those of others.

    5. AD 5 ignores Pena's allegations that the defendant officers were indeed guilty of wilful and wanton conduct.

    6. AD 7 is irrelevant, for the defense stated there vanishes with the failure of the individually asserted ADs.

    7. AD 8, with its assertion of self defense, is totally at odds with FAC ¶14 and is therefore an improper AD. Defendants lose nothing by that, for they have denied the allegations in FAC ¶14.

    8. What has just been said as to AD 8 applies with equal force to ADs 9 and 10.

9. As to the AD 11 assertion that Pena failed to exhaust available administrative remedies as required by 42 U.S.C. §1997e(a), Pena's original pro se Complaint not only asserted the contrary but also attached a handwritten November 7, 2007 Detainee Grievance that he had prepared and, he says, had presented). Because exhaustion of administrative remedies is a precondition to suit by a prisoner, if defense counsel has a good faith basis for contesting that issue it must be asserted forthwith, else the potential defense will be forfeited.

For the reasons just stated, ADs 1 through 10 are stricken, while this Court awaits possible further input as to AD 11.

For some reason defense counsel has included a second "AFFIRMATIVE DEFENSE" caption and new numbering for what counsel labels "Comparative Negligence and/or Wilful and Wanton Conduct." Here too that AD is impermissibly advanced, because it contradicts FAC ¶14. It is stricken as well.

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date: July 20, 2009

4