**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL PENA, | ) | |
| | ) | 08 C 7389 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton Shadur |
| CORRECTIONAL OFFICER TRENT | ) | |
| WILLIAMS, ET AL. | ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants, Trent Williams, Howard Davis, Brendon Lombardi, and John Miller, through their attorney, Anita Alvarez, by her assistant, Camile J. Lindsay, and answer the Plaintiff's Second Amended Complaint as follows:

1. Plaintiff, Daniel Pena, is a resident of the State of Illinois and at all times material hereto resided in Chicago, Illinois.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendant, Trent Williams, star number 8951, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

ANSWER: Defendants admit the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

3. Defendant, Howard Davis, star number 7762, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

ANSWER: Defendants admit the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint.

4. Defendant, Correctional Officer Brendon Lombardi, star number 8118, as a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

ANSWER: Defendants admit the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

5. Defendant, Correctional Officer Miller, star number 8695, was a correctional officer for the Cook County Jail located at 2700 South California Avenue in Chicago, Illinois and was acting under color of state law at all times material to this action. He is being sued in his individual capacity as a correctional officer.

ANSWER: Defendants admit the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6. At all times relevant hereto, all defendants were acting individually and in concert and conspiracy in their actions to deprive Daniel Pena of his constitutional and statutory rights.

ANSWER: Defendants deny the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

ANSWER: Defendants admit the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391(c) as the events giving rise to the claims at issue occurred within the district.

ANSWER: Defendants admit that venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391(c), but Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

9. On or about September 22, 2007, plaintiff was being held cell 1026 of Division 9 of the Cook County Jail after previously being arrested for other unrelated matters.

ANSWER: Defendants admit the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10. While being held at the Cook County Jail, plaintiff was entitled to a certain amount of time out of his cell. In order to be let out of his cell, a certain protocol was in place, which called for the handcuffing of plaintiff.

ANSWER: Defendants admit the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

11. Once cuffed, plaintiff was allowed to leave his cell. As he was exiting his cell and while still handcuffed, Correctional Officer Williams pulled plaintiff's jumpsuit over his head and began to physically attack him.

ANSWER: Defendants deny the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Subsequently, Correctional Officer Williams forcefully and violently threw plaintiff to the floor, and Correctional Officers Davis and Lombardi joined and proceeded to kick plaintiff in the head and face repeatedly, while plaintiff was still handcuffed at the wrists.

ANSWER: Defendants deny the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Additionally, Correctional Officer Miller was present during this attack and failed to intervene and prevent the attack from occurring and/or continuing.

ANSWER: Defendants deny the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14. As a result of the actions of Correctional Officers Williams, Davis, Lombardi, and Miller, plaintiff suffered severe face and head injuries including, but not limited to, having two of his teeth dislodged and was in need of serious medical care.

ANSWER: Defendants deny the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Thereafter, plaintiff was transported to the prison infirmary, where he was denied medical attention and treatment by the prison infirmary medical staff, or the opportunity to see a dentist, thereby causing plaintiff to undergo extreme pain and suffering and further exacerbation of his injuries.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16. At the time of the aforementioned actions of Correctional Officer Williams, Davis, Lombardi, and Miller, plaintiff, Daniel Pena, did nothing to provoke the officers and had not committed any offenses against the laws of the City of Chicago, the State of Illinois or the United States America, and did not engage in any conduct which justified the actions of the defendants.

ANSWER: Defendants deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17.     All the defendant officers acted willfully, deliberately, maliciously and/or with reckless disregard for Mr. Pena's constitutional and statutory rights.

ANSWER:  Defendants deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     As a direct and proximate result of the actions of all defendants, Daniel Pena suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent.

ANSWER:  Defendants deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Defendant officers engaged in the aforesaid conduct for the purpose of violating Daniel Pena's constitution rights by subjecting him to cruel and unusual punishment in the form of verbal assaults and unreasonable force through physical violence.

ANSWER:  Defendants deny the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

## COUNT I

**Federal Civil Rights Violations of Eighth Amendment against all Defendants**

20.     Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

ANSWER:  Defendants repeat and incorporate their answers to paragraphs 1 through 19 as their answer to paragraph 20.

21.     As a direct and proximate result of the defendants, Correctional Officers Williams, Davis, Lombardi, and Miller's conduct, committed under color of state law, Daniel Pena was deprived of his right to be free from cruel and unusual punishment and from unreasonable and excessive force and to be secure in his person and property and to due process of law.  As a result, Daniel Pena suffered and continues to suffer harm in violation of his rights under the laws and constitution of the United States, in particular, the Eighth and Fourteenth amendments thereof, and 42 U.S.C. §1983.

ANSWER:  Defendants deny the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22.     As a direct and proximate result of the acts of all defendants, Daniel Pena sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

ANSWER:  Defendants deny the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

## COUNT II

### Supplemental State Claims of Assault and Battery against all Defendants

23.     Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

ANSWER:  Defendants repeat and incorporate their answers to paragraphs 1 through 22 as their answer to paragraph 23.

24. The acts and conduct of the individual defendants in this cause of action, specifically the touching of Daniel Pena's person without his consent, is in the form of assault and battery, and this Court has supplemental jurisdiction here to adjudicate these claims.

ANSWER: Defendants deny the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25. As a direct and proximate result of the acts of all defendants, Daniel Pena sustained physical injuries, emotional harm, loss of liberty and financial losses, all of his detriment and harm.

ANSWER: Defendants deny the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff failed to exhaust all administrative remedies before filing this lawsuit in contravention of the requirements of the Prison Litigation Reform Act 42 U.S.C. §1997(e)(a).

## **JURY DEMAND**

Defendants, Trent Williams, Howard Davis, Brendon Lombardi, and John Miller, respectfully demand trial by jury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Camile J. Lindsay
Camile J. Lindsay
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4320